ETTA LEVY *vs.* HOLLAND SYSTEM INCORPORATED & another.

Suffolk.    May 18, 1934. — June 26, 1934.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Insurance,* General liability.

In a suit in equity to reach and apply the obligation of an insurance company under a policy of general liability insurance to the satisfaction of a judgment for personal injuries obtained by the plaintiff against the insured, a finding, that the policy covered the place where an accident resulting in such injuries happened, was warranted on all the evidence, including evidence that the premises covered by the policy

were described therein as being specified numbers on a certain street and specified numbers on a certain avenue intersecting the street, the frontages on the street and the avenue and the total frontage being stated; that the premises so designated were controlled by the insured and were located on both sides of premises, occupied by a third person, located at the corner of the street and the avenue; that the insured controlled a cellar under the sidewalk of the street between his premises thereon and such corner; that in order to make up the total frontage stated in the policy it was necessary to include all the frontage from the insured's premises on the street to the corner and thence to his premises on the avenue; and that the accident resulted from a defective Hyatt light, under the control of the insured, in the sidewalk over such cellar and in front of the premises occupied by the third person.

BILL IN EQUITY, filed in the Superior Court on November 10, 1932, and afterwards amended, described in the opinion.

The suit was heard by *Whiting*, J., upon an agreed statement of facts and certain evidence. Material agreed facts and findings by the judge are stated in the opinion. By his order, a final decree in favor of the plaintiff against the defendant Royal Indemnity Company was entered. That defendant appealed. The evidence was reported.

*E. J. Sullivan*, for the defendant Royal Indemnity Company.

*F. T. Leahy*, for the plaintiff.

CROSBY, J. On June 20, 1932, the plaintiff recovered a judgment against the defendant Holland System Incorporated in the sum of $1,501.50 as damages and $23.15 costs in an action brought for personal injuries. It is the contention of the plaintiff that the defendant in that action was insured against liability with the defendant Royal Indemnity Company. This suit is brought to reach and apply the obligation of the insurance company to the Holland System Incorporated to satisfy the judgment. G. L. (Ter. Ed.) c. 214, § 3 (10). G. L. (Ter. Ed.) c. 175, §§ 112, 113.

A stipulation was entered into and signed by counsel for the plaintiff and the defendant Royal Indemnity Company in which it was agreed that the plaintiff is entitled to recover from the defendant Royal Indemnity Company the amount set forth in paragraph 3 of the bill with interest,

unless the court shall find that the policy issued by the defendant insurance company in favor of the Holland System Incorporated and in effect at the time of the accident did not cover the Holland System Incorporated at the place where the plaintiff was injured; that the place where the plaintiff was injured was on a sidewalk immediately adjacent to property within the possession and control of the defendant Holland System Incorporated, and that her injuries were due to a defect in the Hyatt light cover, for which the insured was responsible. It is agreed that the plaintiff fell on that part of Essex Street in Boston that is marked in ink on pictures presented to the court. It is admitted by the defendant insurance company that a policy of liability insurance in favor of Holland System Incorporated was issued by said defendant and was in effect at the time the plaintiff was injured. It was agreed by the parties that the only issue to be tried was whether the policy covered the place where the accident to the plaintiff occurred. The case was heard by a judge of the Superior Court and a final decree was entered establishing the liability of the insurance company to the plaintiff; from this decree the insurance company appealed.

The judge made the following findings: The policy of insurance issued by the defendant Royal Indemnity Company to the defendant Holland System Incorporated has been lost. The Royal Indemnity Company has destroyed its records covering the period in question, and no copy of the policy could be produced at the trial. On March 13, 1927, the defendant Holland System Incorporated made an application to the insurance company for a general liability policy covering premises under the control of the Holland Company which described the location of the premises covered by this policy as "33–37 Essex Street 43 Essex St. Cor. of 7–9 Harrison Ave. Boston, Mass.," the frontage on Essex Street being thirty feet, and that on 43 Essex Street corner of 7–9 Harrison Avenue being eighty feet, the total frontage being one hundred ten lineal feet. This application was for a renewal of a previous policy issued by the defendant Royal Indemnity Company and the language above quoted in

describing the property to be insured is the same as appeared in the policy in force when the plaintiff was injured in August, 1924. The defendant Holland System Incorporated controlled the premises at 33–43 Essex Street, and 7 and 9 Harrison Avenue and the cellar under the sidewalk in Essex Street to the corner of Harrison Avenue. The first floor of the property at the corner of Harrison Avenue and Essex Street numbered 45 and 47 Essex Street was occupied by a restaurant. The accident was caused by a defective Hyatt light in the sidewalk on Essex Street a few feet from the corner of Essex Street and Harrison Avenue, over a part of the cellar controlled by the Holland System Incorporated, in front of the property occupied by said restaurant, and between 45 and 47 Essex Street. The judge further found that to get the distance of one hundred and ten feet of street frontage covered by the policy issued by the insurance company to Holland System Incorporated "it would be necessary to include all the frontage from 33 Essex Street to the corner of Harrison Avenue and on Harrison Avenue to the end of the premises on Harrison Avenue controlled" by the Holland System Incorporated; that the Holland System Incorporated and the Royal Indemnity Company intended to have the policy cover all the premises in this locality under the control of the Holland System Incorporated; "that the several maps of street locations, buildings, etc. in the city of Boston published during the past sixty years have shown the numbers on Essex Street in this vicinity to be 39, 41, 43, 45 and 47; that number 47 is shown as being the exact corner of Essex Street and Harrison Avenue," this being the main entrance to the restaurant above referred to.

In view of the foregoing findings, the judge found and ruled that the accident to the plaintiff occurred upon premises in the control of the defendant Holland System Incorporated, and covered by the insurance policy above referred to issued by the defendant Royal Indemnity Company to the defendant Holland System Incorporated. He ordered a decree to be entered establishing the claim of the plaintiff against each defendant in the sum of $1,666.95, with interest at the rate of six per cent per annum from the date of the order to the

date of the decree, with costs taxed as in an action at law in favor of the plaintiff against the defendant Royal Indemnity Company, and that execution issue therefor. A final decree was entered as ordered, from which the defendant Royal Indemnity Company appealed.

The reported evidence warranted a finding that the premises described in the policy in effect when the plaintiff was injured in August, 1924, included the sidewalk on Essex Street at the place of the accident. The finding that the policy issued in 1927 was a renewal of a previous policy and covered the same premises was warranted from the evidence and the reasonable inferences to be drawn therefrom. The description of the insured premises in the policy issued in 1927 plainly included the place of the accident. The evidence contained in the record is voluminous; it need not be referred to in detail. It cannot be said that the evidence was too indefinite and uncertain to warrant a finding in favor of the plaintiff. As the findings of the judge cannot be said to be plainly wrong and as no error appears in the conduct of the trial, the entry will be

*Final decree affirmed with costs of the appeal.*